COURT OF APPEALS
DECISION
DATED AND FILED

July 28, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP398-CR**

Cir. Ct. No. **2016CF628**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

FREDRICK JOSEPH BAIER,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Winnebago County: THOMAS J. GRITTON AND TERESA S. BASILIERE, Judges. *Affirmed*.

Before Neubauer, C.J., Gundrum and Davis, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Fredrick Joseph Baier appeals from a judgment of conviction for one count of causing a child between the ages of thirteen and eighteen to view sexual activity and one count of sexual assault of a student by a school staff member. *See* WIS. STAT. §§ 948.055(1), (2)(b) and 948.095(2) (2015-16).[1] Baier also appeals from an order denying his postconviction motion.[2] Baier argues that he is entitled to resentencing because the circuit court's sentencing remarks demonstrated that it was objectively biased and because the circuit court relied on inaccurate information at sentencing. We reject his arguments and affirm.

## BACKGROUND

¶2 The criminal complaint alleged that Baier, a twenty-three-year-old high school soccer coach, sent a picture of his erect penis to a fourteen-year-old student and had oral and vaginal sexual intercourse, by use of force, with a sixteen-year-old student at an underage drinking party. Baier entered into a plea agreement with the State pursuant to which he pled no contest to causing a child over the age of thirteen to view sexual activity and sexual assault of a student by school staff, while a third charge, second-degree sexual assault, was dismissed outright. The State agreed to recommend consecutive sentences totaling four years of initial confinement and four years of extended supervision.

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] The Honorable Thomas J. Gritton accepted Baier's pleas and sentenced him. The Honorable Teresa S. Basiliere denied Baier's postconviction motion.

¶3      The circuit court accepted Baier's no contest pleas and found him guilty. It also ordered a presentence investigation (PSI) report.

¶4      At the sentencing hearing, both parties told the circuit court that they had no corrections or changes to the PSI report. The circuit court then heard from the mother, father and a friend of the sexual assault victim[3] and read a statement written by the victim herself. Consistent with the plea agreement, the State urged the circuit court to impose consecutive sentences totaling four years of initial confinement and four years of extended supervision.

¶5      Trial counsel argued that instead of imposing a prison sentence, the circuit court should place Baier on probation and impose conditional jail time. Trial counsel emphasized that Baier had the support of his parents, sibling, friends, and community members, many of whom submitted character letters on Baier's behalf. The circuit court said that it had read all of the letters.

¶6      Trial counsel said that Baier had accepted responsibility for his actions by entering the plea agreement, eliminating the need for the victims to testify at a trial. Trial counsel said that Baier had no adult criminal history. She acknowledged that Baier had "two referrals in his juvenile history," but she noted that one was deferred and one did not result in charges.

¶7      Baier chose to exercise his right of allocution. His remarks included the following:

> I'm beyond sorry for what my actions have caused, all the pain, stress, and the worry that I have caused not only

---

[3] Trial counsel indicated she did not object to allowing the victim's friend to speak at the sentencing.

the victims but their families. And I never meant for this to occur and I wish in my heart that I could take it all back.

I realize how much of a negative impact I have caused within the community and the lives of everyone involved. There hasn't been a day that has passed that I haven't thought about what I have done and how embarrassed I feel that I have not only disappointed myself, my family, the victims, their family, as well as my peers within the community.

¶8 After Baier's allocution, the circuit court took a short recess and then returned to pronounce sentence. It began by referring to a "breakdown of our criminal justice system in regards to Mr. Baier." It discussed the juvenile referrals involving Baier that were outlined in the PSI report and apologized to the sexual assault victim "because the court system let you down." The circuit court indicated that if Baier had been held responsible for those juvenile acts, he would not have been allowed to be a soccer coach.

¶9 The circuit court said that it was surprised by statements Baier made to the PSI writer. For instance, Baier told the writer that he did not remember sending the fourteen-year-old victim a picture of his erect penis and may have done so by mistake, but he did remember receiving a sexual message from the teen. Baier also told the PSI writer that he could not remember if he spoke with or kissed the sixteen-year-old victim at the underage party, but he was sure he did not have sexual intercourse with her. The circuit court said that was "astounding." The circuit court also criticized Baier's decision to attend a high school drinking party as an adult coach.

¶10 The circuit court asked Baier about his post-concussion syndrome and which doctor was treating him. The circuit court questioned Baier's claim that he does not remember the crimes but added that if he does not remember them, "that means that you are incredibly dangerous."

4

¶11 The circuit court also expressed dismay that Baier told the PSI writer that he had not been treated fairly in the criminal justice system. The circuit court said that Baier had "gotten every single break," including a favorable plea agreement that dismissed the most serious felony charge against him. The circuit court imposed the maximum sentence on each count: three years of initial confinement and three years of extended supervision. It ordered that the sentences be served consecutively.

¶12 Baier filed a postconviction motion seeking resentencing on grounds that the circuit court's sentencing remarks indicated objective judicial bias and that the circuit court relied on inaccurate information.[4] The motion was considered and denied by a different judge due to the sentencing judge's retirement. This appeal follows.

## DISCUSSION

¶13 On appeal, Baier presents the same two arguments for resentencing. We consider each in turn.

### I. Judicial bias.

¶14 A defendant's due process rights are violated if a sentencing court is subjectively or objectively biased. *See State v. Gudgeon*, 2006 WI App 143, ¶20, 295 Wis. 2d 189, 720 N.W.2d 114. Where, as here, a defendant claims objective bias, the issue is "whether a reasonable person could question the judge's

---

[4] In the alternative, Baier sought sentence modification based on a new factor: a post-sentencing doctor's report indicating that Baier has cognitive deficits that "affect his brain functioning, information recall, and interpersonal skills." On appeal, Baier has explicitly abandoned that issue so we will not discuss it.

impartiality." *See id.*, ¶21. "[T]he appearance of partiality" can constitute objective bias. *See id.*; *see also* **State v. Herrmann**, 2015 WI 84, ¶30, 364 Wis. 2d 336, 867 N.W.2d 772 (recognizing that "the right to an impartial decisionmaker stretches beyond the absence of actual bias to encompass the appearance of bias as well").

¶15 A circuit court's partiality is a matter of law reviewed independently by this court. **State v. Goodson**, 2009 WI App 107, ¶7, 320 Wis. 2d 166, 771 N.W.2d 385. When analyzing a claim of judicial bias, we "presume that the judge was fair, impartial, and capable of ignoring any biasing influences." **Gudgeon**, 295 Wis. 2d 189, ¶20. The burden is "on the party asserting bias to show that bias by a preponderance of the evidence." **Herrmann**, 364 Wis. 2d 336, ¶24.

¶16 Baier argues that two aspects of the circuit court's sentencing remarks demonstrated an appearance of bias. First, he argues that the circuit court's references to the PSI report "indicate that it had prejudged the case and had made up its mind to sentence Mr. Baier to the maximum before the sentencing hearing began." He contends that the circuit court's apology to the victim about what it learned in the PSI report and its numerous references to that report suggest "a serious risk that it had made up its mind about sentencing after reading the PSI but before the sentencing hearing."

¶17 We are not persuaded. Circuit courts are expected to read materials such as the PSI report in preparation for sentencing, and in this case the circuit court read not only the PSI report but also the letters submitted in support of Baier. While the court's sentencing comments indicate that it carefully reviewed the PSI report, we disagree that the circuit court's analysis—including its assessments about Baier's acceptance of responsibility—suggest that the circuit court made up

its mind prior to the sentencing hearing. The circuit court was free to consider and assess Baier's credibility and the discrepancies between Baier's statements to the PSI writer and to the circuit court. Having done so, it was within the circuit court's discretion to find that maximum consecutive sentences were appropriate.

¶18 Baier's second argument with respect to the appearance of bias is that the circuit court's "remarks indicate that it was so personally offended by the information it read in the PSI as to cast doubt on its ability to remain impartial." Again, we are not persuaded. The PSI report discussed serious sexual assault allegations against Baier made by multiple individuals. The circuit court examined those allegations and Baier's statements to the PSI writer, including Baier's expression of curiosity about why it took the sexual assault victim "so long to report the sexual assault." It was the circuit court's responsibility to read and assess the information in the PSI report. The fact that the circuit court was disturbed by the information does not mean that it could not remain impartial and listen to the arguments of counsel and the statements offered at the sentencing hearing. Indeed, the circuit court's questions before pronouncing sentence suggest it continued to evaluate information throughout the hearing.

¶19 For the foregoing reasons, we conclude, like the postconviction court, that Baier has not shown, by a preponderance of the evidence, that the circuit court was objectively biased. *See **Herrmann***, 364 Wis. 2d 336, ¶24.

## II. Inaccurate information claim.

¶20 "A defendant has a constitutionally protected due process right to be sentenced upon accurate information." ***State v. Tiepelman***, 2006 WI 66, ¶9, 291 Wis. 2d 179, 717 N.W.2d 1. "Whether a defendant has been denied this due process right is a constitutional issue that an appellate court reviews de novo." ***Id.***

*Tiepelman* outlined the standards applied when a defendant seeks resentencing based on the circuit court's reliance on allegedly inaccurate information:

> A defendant who requests resentencing due to the circuit court's use of inaccurate information at the sentencing hearing must show both that the information was inaccurate and that the court actually relied on the inaccurate information in the sentencing. Once actual reliance on inaccurate information is shown, the burden then shifts to the state to prove the error was harmless.

*Id.*, ¶26 (citations and internal quotation marks omitted).

¶21 Although Baier did not raise concerns with the PSI report at the sentencing hearing, he argued in his postconviction motion that certain information in the PSI was inaccurate and that the circuit court relied on that inaccurate information. We are not convinced.

¶22 First, Baier argues that the PSI writer's assessment that he was at high risk to reoffend was inaccurate. He faults the PSI writer for considering the COMPAS report, arguing that "COMPAS is not accurate at predicting sexual recidivism risk." He also asserts that the PSI writer miscalculated Baier's raw score on the Static-99R test to be seven, which led her to conclude that Baier was well above the average risk to reoffend. Baier notes that when he was subsequently examined by two different examiners after he went to prison, they concluded that his Static-99R test score should be five, which would lower his risk by one level.

¶23 Like the postconviction court, we are not persuaded that Baier has proven that the Static-99R test information in the PSI was inaccurate. The fact that different test administrators arrived at different scores upon completing the test at different times does not establish clear and convincing proof that the earliest

test score was inaccurate. Baier did not demonstrate how the PSI writer miscalculated the score. Indeed, at the postconviction hearing on Baier's motion, postconviction counsel could only speculate that "the PSI writer somehow added numbers … that were not appropriate."

¶24 Moreover, we are not persuaded that the circuit court actually relied on the Static-99R test score or the COMPAS assessment in sentencing Baier. It mentioned the Static-99R test score only after imposing the maximum sentences, as it was starting to outline the conditions of extended supervision while looking at the PSI report. The circuit court said: "[B]y the way, as I go past here, the Static-99R indicates that you are well above average risk to reoffend. I wasn't surprised at that at all based on what I read in this report. I think that's a very true situation." This comment indicates that the circuit court did not rely on the Static-99R test result when it imposed the sentences and that it believed the Static-99R score confirmed what it had already concluded based on the other information in the report, including the details about the juvenile referrals. With respect to the COMPAS assessment, the circuit court did not even mention that assessment in its sentencing remarks. We conclude that Baier has not shown that the circuit court "actually relied" on the information that he is challenging. *See **id.***

¶25 Next, Baier argues that the PSI writer "misrepresented Mr. Baier's cognitive disabilities in the PSI, leading the court to erroneously conclude that Mr. Baier was feigning his diagnosis of post-concussi[on] syndrome and resulting memory difficulties." Baier points to a medical evaluation completed after sentencing where a doctor found that Baier had cognitive deficits that "impact memory storage and aspects of memory recall."

¶26    In response, the State points out that the PSI writer "never claimed that Baier did not suffer from post-concussi[on] syndrome." Instead, the PSI writer "questioned whether Baier truly took responsibility for his crimes given that he claimed a lack of memory for his most culpable actions." The State also emphasizes that there was good cause to question Baier's claims about his memory, given that he told the PSI writer that he did not remember the underage drinking party but later told prison officials that he remembers going to the party "to clean up a spill" and having consensual oral sex with the victim.

¶27    We are not persuaded that the circuit court relied on inaccurate information. *See id.* The circuit court did not reject Baier's claim that he suffered from post-concussion syndrome or find that he was feigning memory problems. While it questioned Baier's claim that he had no memory of certain events, the circuit court acknowledged Baier may not remember them, stating: "You know what that means to me, that means that you are incredibly dangerous because if you can't remember these events, that's scary."

¶28    Because Baier did not demonstrate that the circuit court "actually relied" on inaccurate information concerning Baier's cognitive disabilities, Baier is not entitled to resentencing. *See id.*

        *By the Court*.—Judgment and order affirmed.

        This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.